**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SARGIS TASHYN, AKA Sargis Taschyan, | No. 16-73091 |
| Petitioner, | Agency No. A087-744-055 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022**
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Sargis Tashyn, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' (Board) order dismissing his appeal from an

Immigration Judge's (IJ) decision denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)).

First, substantial evidence supports the agency's adverse credibility determination. The Board relied on the IJ's findings that Tashyn testified inconsistently about the presence of police when he was threatened at his workplace, whether he lost his job before or after his detention, his travel to the United States, and why he did not apply for a visa to the United States. Based on the totality of the circumstances, these inconsistencies taken together are sufficient to support the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Even assuming these inconsistencies were minor, "under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (citation and alteration omitted). Because Tashyn had a sufficient opportunity at his hearing to explain these inconsistencies, and because the agency reasonably rejected Tashyn's explanations, the agency did not err in relying on the

inconsistencies in its adverse credibility determination. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc); *Kumar v. Garland*, 18 F.4th 1148, 1154 (9th Cir. 2021).  In the absence of credible testimony, Tashyn's asylum and withholding of removal claims fail because "the remaining evidence in the record is insufficient to carry [his] burden of establishing eligibility for relief."  *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

Second, substantial evidence supports the agency's denial of CAT protection. "To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed."  *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(2)).  Tashyn's CAT claim fails because Tashyn did not provide sufficient evidence independent of his discredited testimony establishing "that he would be subject to a *particularized threat of torture*" if returned to Armenia.  *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (quoting *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008)); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that the petitioner's CAT claim failed because non-credible testimony and the relevant country conditions report did not compel the conclusion that the petitioner would face a particularized threat of torture).

Finally, Tashyn's request for fees and expenses pursuant to the Equal Access

to Justice Act (EAJA), 28 U.S.C. § 2412(d), does not comply with the procedural requirements to seek an EAJA award, *see id.* § 2412(d)(1)(B); 9th Cir. Rule 39-1.6(b), and otherwise lacks merit because he is not a "prevailing party," *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005).

**PETITION DENIED.**